**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel V. Lopez,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　　Respondents. | No. CV-98-0072-PHX-SMM<br><br>DEATH PENALTY CASE<br><br>**ORDER AND AMENDED**<br>**CERTIFICATE OF APPEALABILITY** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. On July 15, 2008, the Court denied Petitioner's amended habeas corpus petition and entered judgment. (Dkts. 200, 201.) The Court simultaneously issued a Certificate of Appealability (COA) with respect to the defaulted portion of Claim 1C. (Dkt. 200 at 41-42.) In the present motion, Petitioner challenges the Court's resolution regarding the defaulted portion of Claim 1C and Claim 7. He also requests that the Court issue a COA as to the entirety of Claim 1C, as well as Claims 1A and 7.

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist.*

*No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner appears to be alleging only that the Court committed clear error.

**Claim 1C (defaulted portion)**

Claim 1C alleged that Petitioner's counsel was ineffective for failing to adequately investigate and prepare for sentencing, including failing to prepare the defense expert. As set forth in the Court's prior order (Dkt. 200 at 9-10), Respondents initially conceded exhaustion in their Answer; however, in their responsive merits brief, Respondents contended that Claim 1C as alleged in this Court was much broader than the claim exhausted in state court. The Court found that the equities of the situation weighed in favor of entertaining Respondents' exhaustion argument. (*Id.* at 10 & n.7.) Further, Petitioner had an opportunity to, and did, respond to Respondent's assertion of procedural default, and Petitioner did not at that time argue that Respondents waived that defense.[1] (*Id.*) The Court concluded that Petitioner had not fairly presented in state court the broad allegations asserted as Claim 1C in the habeas petition and, while a narrow portion of the claim had been exhausted, the remainder of the claim was procedurally defaulted. (*Id.* at 13-15.)

In his motion to alter or amend judgment, Petitioner argues for the first time that Respondents expressly waived exhaustion.[2] Petitioner had an opportunity to argue waiver

---

[1] Petitioner's suggestion in his current motion that he did not have an opportunity to respond to Respondents' argument that this claim was barred is erroneous. Petitioner spent eleven pages of his Reply brief contesting Respondents' assertion of procedural default and arguing that he had fully exhausted this claim in state court. (Dkt. 199 at 13-23.)

[2] The Court is not persuaded by Petitioner's assertion that Respondents' actions constituted a deliberate waiver of the procedural default defense, which the Supreme Court has counseled a court should not overlook. *See Day v. McDonough*, 547 U.S. 198, 202 (2006). The argument for deliberateness is undercut by the fact that Respondents raised the argument in this Court, albeit late, and indicated in their post-judgement filing that they misconstrued the scope of Claim 1C when drafting their Answer (Dkt. 205 at 4). In *Day*, the Supreme Court indicated that courts should not take a rigid approach to affirmative defenses in habeas proceedings in light of the considerations of "comity, finality, and the expeditious handling of habeas proceedings"; thus, attorney error which could have been corrected by

- 2 -

in his merits reply brief and did not do so. A motion to alter or amend judgment is not the time to raise a new argument that a party failed to raise earlier in the proceeding. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Rosenfeld v. United States Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995)). Therefore, the Court will not reconsider its ruling regarding the defaulted portion of Claim 1C.

### Claim 7

Petitioner alleges that the Court erred in denying his claim that the sentencing judge failed to consider relevant mitigating evidence. In support of his motion, Petitioner repeats the arguments that the Court has already considered with respect to this claim. Because Petitioner's arguments are simply a demand that the Court rethink decisions it has already made, the motion is properly denied. *See United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998).

### Certificate of Appealability

Petitioner requests that the Court issue a COA as to the entirety of Claim 1C (ineffective assistance of counsel at sentencing), Claim 1A (ineffective assistance of counsel for failing to request a change of judge based on bias), and Claim 7 (trial court failed to consider all mitigating evidence). Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further."

---

way of amendment should not prohibit the Court from assessing whether a claim is barred. 547 U.S. at 208-09.

- 3 -

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In light of Petitioner's recent arguments, the Court finds that the remainder of Claim 1C and Claim 7 are adequate to proceed on appeal. The Court will amend the COA to includes those two claims. For the reasons stated in the Court's order denying Claim 1A (Dkt. 131), the Court declines to issue a COA as to that claim.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 202) is **DENIED in part and GRANTED in part**.

**IT IS FURTHER ORDERED** that the Certificate of Appealability is amended to include the following issues:

> Whether Claim 1C of the Amended Petition – alleging ineffective assistance of counsel for failure to investigate and prepare the case for sentencing including failure to prepare the expert – is, in part, procedurally barred.

> Whether Claim 1C of the Amended Petition – alleging ineffective assistance of counsel for failure to investigate and prepare the case for sentencing including failure to prepare the expert – is meritorious, to the extent not procedurally barred.

> Whether Claim 7 – alleging that the sentencing judge failed to consider relevant mitigating evidence – is meritorious.

DATED this 4th day of September, 2008.

_____
Stephen M. McNamee
United States District Judge